Elizabeth W. Pine, J.
This is a referral from Supreme Court of an application by plaintiff father to modify a default divorce decree, dated June 6, 1973, as to custody of two minor children, which by the divorce decree was awarded to the mother.
The divorce action was brought by the husband on the ground of the parties having lived apart for more than a year pursuant to a filed separation agreement. The separation agreement was executed in 1969 and provided that the mother would have custody of the two children of the marriage; M., born June 10,1962, and D., born November 24, 1965.
The transcript of the divorce proceedings, held on May 25, 1973, shows that both parties and their attorneys were in court that day, that the defendant mother withdrew an answer and consented that the matter proceed by default on stipulation that she retain custody. The court stated it would ask some questions regarding custody and on page 8 of the transcript are shown six questions asked by the court and answered by the plaintiff father. On pages 9 and 10 of the transcript are set forth the 15 questions asked by the court of the defendant mother.
The present matter came on to be heard in Family Court and at the close of petitioner father’s case, and after one witness called by the law guardian, the attorney for the mother moved to dismiss the petition for failure to prove a prima facie case of change of circumstance sufficient to warrant change of custody as a matter of law subsequent to the Supreme Court decree. The court reserved decision on that motion.
There are two issues that must be examined. First, is the breadth of jurisdiction of Family Court in this situation. Section 652 of the Family Court Act gives Family Court by referral the same power as Supreme Court to fix custody and to modify custody in matrimonial actions. It goes on to say *651 that as to the modifications they may be granted by the Family Court under this section only upon a showing to the Family Court that there has been a subsequent change of circumstances and that modification is required.
What happens if the testimony fails to show that relevant circumstances have in fact been changed since the divorce decree, but that the divorce decree was made without a full hearing having been had as to the circumstances at that time?
Section 652 seems to say that if Supreme Court would have power to hold a full hearing after a decree and modify a decree made without a full hearing, it has the power to refer that issue to Family Court for the same hearing. The advantage to referral is that, unlike Supreme Court, Family Court has available to it the authority to appoint a law guardian to represent the children who are the subject of the proceeding (Family Court Act, § 249), and the Family Court may thus be in the best position to conduct a full and complete hearing and to fulfill its responsibility to protect the interests of the children. Representation of the children is of particular value where, as here, the children are old enough to express an opinion and, as the father testified, the present proceeding was brought at the insistence of the children.
The restriction on modification, unless there is a change of circumstance and modification is required, appears to be intended to prevent relitigating the same facts before different trial judges in hopes of achieving a different result.
If the issue has never been truly litigated, and if Supreme Court could hold a hearing now, Family Court may. It is evident that Supreme Court has that power. (Chirico v Chirico, 31 AD2d 887.) Provisions of a separation agreement as to custody of children cannot bind the court. (People ex rel Wasserberger v Wasserberger, 42 AD2d 93.)
The second issue is whether in a custody case the court is required to grant a motion to dismiss at the end of petitioner’s case if petitioner has failed to prove a prima facie case as to the allegations set forth in the petition.
In most kinds of litigation this is certainly the rule. In a custody case, however, the court has the responsibility of making a disposition in the best interest of the children, who are not parties, and the court should hear all the evidence bearing on this question regardless of whether or not the person bringing the matter to the attention of the court has proven everything he alleged, or indeed alleged all he might *652 have alleged. The law guardian appointed on behalf of the children in this case opposed the motion to dismiss.
One of the witnesses called by the father, and cross-examined at length by the attorney for the mother, was the caseworker for the then Monroe County Family Court Custody and Adoption Unit. Her testimony was that during her investigation, the children were very verbal, that they volunteered to her their preference to live with their father, that they expressed the belief that their mother was not really interested in them and that their father and stepmother provided love, guidance and security. As the result of her investigation, the caseworker concluded that the primary issue was the strong desire of the boys, that they expressed believable reasons for their desire, and she concurred with their view that a change of custody to the father would be in the boys’ interest.
The law guardian called as his witness the principal of No. 52 School, which both boys had attended, and introduced into evidence their records from that school. She testified that their school behavior and achievement appeared to be adversely affected by their home situation.
With this testimony having been heard in a custody case, it would be a gross denial of the children’s right to have the court make a custody order after full hearing, if the court were to dismiss on the ground that there was failure by the father to show that there had been change for the worse in the circumstances of the children since June, 1973. What the testimony so far in fact showed was that there had for a long time been shortcomings in the mother’s home from the children’s point of view and that at the time of the divorce both adults were anxious to have the divorce granted. An agreement not to litigate custody was made by the parents as a matter of expediency. The court attempted to satisfy itself that the agreement was in the interest of the children but, without a means of independent investigation and without representation for the children, there was little opportunity for the court to get behind the apparent agreement of the parties and find out the true picture.
This court has the authority to continue the proof and to determine this case as the best interests of the children require. The matter is to be rescheduled to continue the proof at the earliest available date.
*653 Respondent’s motion to dismiss is denied.